c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALTHIE J. BOYD, Plaintiff | CIVIL ACTION NO. 1:17-CV-00315 |
| VERSUS | JUDGE DRELL |
| WAL-MART, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss, filed by Defendant Wal-Mart Louisiana, LLC ("Wal-Mart"). (Doc. 30). Pro se Plaintiff Althie J. Boyd ("Boyd") filed an untimely response. (Doc. 39). Wal-Mart's 12(b)(1) Motion to Dismiss (Doc. 30) should be denied because the limitations period for Boyd's claims is not a jurisdictional requirement, but rather a statutory precondition to filing suit. Because Boyd's claims are time-barred, however, Wal-Mart's 12(b)(6) Motion to Dismiss (Doc. 30) should be granted.

I. **Background**

On February 24, 2017, Boyd, proceeding in forma pauperis, filed employment discrimination and retaliation claims against Wal-Mart and "Aziz," an unknown manager, alleging claims under 42 U.S.C. § 1983.[1] (Doc. 1). Boyd voluntarily dismissed her claim on April 18, 2017 (Doc. 10), but reopened her case on May 25, 2017 (Doc. 13).

---

[1] Defendant "Aziz" has not been served.

1

Boyd asserts claims for "wrongful termination, failure to accommodate, civil rights – harassment, stalking, taunting, and provoking." (Doc. 1). Boyd claims she was wrongfully terminated on October 29, 2015. (Doc. 1).

Boyd claims she switched departments from an overnight stocker to daytime stocker. (Doc. 1). Boyd alleges she reported a previous work related injury to the store manager, Bradley Ratcliff, and was assured she would not have to unload trucks. (Doc. 1). Boyd claims that when she reported to the position, she was told by co-manager Mike Thompson and assistant manager Latonya Armstrong that she had to unload trucks. (Doc. 1). Boyd alleges she found that difficult, and had a brief meeting with district manager "Aziz" and human resource manager "Zoerene." (Doc. 1).

Boyd alleges she was sent to her physician, who imposed a 15-pound lifting restriction. (Doc. 1). She claims she returned to work on October 29, 2015, and was told her request for accommodation had been denied. (Doc. 1). Boyd further claims she was "banned from the time clock" and was required to leave the building. (Doc. 1).

Boyd states that on October 30, 2015, she was told by personnel manager Pat Stroud that there was nothing available at the Pineville store and to check other regions. (Doc. 1). Boyd claims she was also told she was not needed because she was "too much of a problem." (Doc. 1). Boyd avers she did not hear anything further from the store manager, and subsequently she resigned. (Doc. 1).

Boyd also claims "Aziz" attempted to punch her during their group meeting. Boyd further claims she has been stalked and harassed by someone "setting up a time for Wal-Mart truck drivers to meet" her at Rapides Station. (Doc. 1).

Boyd seeks punitive damages for a lapsed life insurance policy, for fraud for use of her payroll issued debit card, and for child support arrears. Boyd also alleges lower back injury. (Doc. 1). She seeks monetary damages for embarrassment, humiliation, emotional distress, mental anguish, and pain and suffering from 2010 to present. (Doc. 1).

Wal-Mart responded with Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss Complaint (Doc. 30), seeking dismissal of Boyd's Complaint for lack of subject matter jurisdiction, untimeliness, and for failure to state a claim. In support, Wal-Mart attached Boyd's charge of discrimination and right to sue letter. (Doc. 38). Boyd did not timely oppose, instead filing a late response arguing that it would be unfair to dismiss her case without her having legal representation. (Doc. 39).

II.  Law and Analysis

    A. Standards governing the 12(b)(1) Motion to Dismiss

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi

3

Plaintiffs), 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." Id.

The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss under Rule 12(b)(6). Harrison v. Safeco Ins. Co. of America, 2007 WL 1244268, at *3 (E.D. La. 2007).[2]

### B. Standards governing the 12(b)(6) Motion to Dismiss

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not equate to possibility or probability; it lies somewhere in between. Id. Plausibility simply calls for enough factual

---

[2] As to Wal-Mart's 12(b)(1) Motion to Dismiss (Doc. 30), the timely filing of an Equal Employment Opportunity Commission ("EEOC") charge with the appropriate local, state, or federal agency is not a jurisdictional prerequisite; it is a "precondition to filing suit in federal court." Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (internal citations omitted). "The Supreme Court and the Fifth Circuit have long held, that the Title VII filing requirements here at issue are more akin to statutes of limitation than they are to jurisdictional prerequisites." Peters v. Transocean Offshore, Inc., 2000 WL 869504 (E.D. La. 2000) (citations omitted). "Because the issue is not one of subject matter jurisdiction, the court cannot apply the standard under Rule 12(b)(1) . . . Instead, the court must apply the more deferential standard under Rule 12(b)(6)." Id. (citing Espinoza v. Missouri Pacific Railroad Co., 754 F.2d 1247, 1248 n.1 (5th Cir. 1985)). The Court therefore analyzes this motion under Rule 12(b)(6).

allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Twombly, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Francise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense. Id. In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). However, that general rule does not apply if an amendment would be

futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 Fed.App'x. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed.App'x. 346, 351–52 (5th Cir. 2011). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.App'x. 366, 367 (5th Cir. 2010). With respect to a statute of limitations defense, dismissal for failure to state a claim is proper when "it is evident from the pleadings that the action is barred and the pleadings fail to raise some basis for tolling." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003), 339 F.3d at 366; accord Jaso, 435 F. App'x at 351-52.

C. **Boyd's Complaint fails to state a plausible claim for relief against Wal-Mart.**

Wal-Mart states Boyd's complaints of wrongful termination, harassment, and failure to accommodate, are presumably allegations of violations of the Americans with Disabilities Act ("ADA"). (Doc. 30-1). Additionally, Wal-Mart states Boyd's allegations of race discrimination are presumably in violation of 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1983. (Doc. 30-1). Wal-Mart interprets Boyd's claims to possibly include state law discrimination and tort claims, although Boyd did not specifically invoke Louisiana law. (Doc. 30-1). Wal-Mart argues Boyd's ADA, Title VII, § 1983, and state law discrimination and tort claims are untimely and should be dismissed. (Doc. 30-1). Wal-Mart also argues Boyd's ADA and Title VII

6

claims are procedurally-barred. (Doc. 30-1). Wal-Mart further asserts Boyd fails to state a plausible claim for relief under the ADA, Title VII, or § 1983. (Doc. 30-1).

Boyd filed a short untimely response to the motion, arguing her response was untimely due to "unforeseen circumstances." (Doc. 39). Boyd merely states that "Wal-Mart's corporation and its attorneys have been notified on numerous occasions concerning this work related injury[ ] that occurred February 2011. And has consistently avoided answering the service of process. And, it would be unfair to [her], under the present circumstances, to dismiss [her] case, without legal representation, at this moment."[3] (Doc. 39). Boyd presents no facts or evidence in response to Wal-Mart's motion.

### 1. Boyd's ADA and Title VII claims are untimely.

Filing an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") is a prerequisite to a private civil action brought pursuant to the provisions of Title VII and the ADA. Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996). Under Title VII, an employee is required to file a timely charge of discrimination with the EEOC ("EEOC charge") within 180 days of the alleged act of discrimination. See 42 U.S.C. § 2000e-5(e). The ADA has incorporated Title VII's administrative filing requirements for exhaustion. See 42 U.S.C. § 12117(a); Franklin v. City of Slidell, 936 F.Supp.2d 691, 709 (E.D. La. 2013)

---

[3] Boyd voluntarily dismissed her case on April 18, 2017, explaining that, to pursue her case, she would need proper assistance. (Doc. 10). The record shows that, since reopening her case and now almost a year later, Boyd has yet to retain counsel.

(citation omitted). Thus, the administrative filing requirements are the same for claims brought under Title VII and the ADA.

Because Louisiana is a "deferral" state, Boyd had 300 days from an alleged act of discrimination to file a charge with the EEOC. See 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Windhauser v. Bd. of Supervisors for La. State Univ. & Agr. & Mech. College, 360 Fed. App'x. 562, 566 (5th Cir. 2010) (citing Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998)). An employee can only file a lawsuit against an employer after the EEOC or Louisiana Commission on Human Rights ("LCHR") dismisses the employee's complaint and provides the employee with a "Right to Sue" notice. Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (internal citations omitted).[4]

While the timely filing of a charge with the appropriate local, state, or federal agency is not a jurisdictional prerequisite, it is a "precondition to filing suit in federal court." Id. As a result, it is subject to doctrines such as equitable tolling. Manning v. Chevron Chem. Co., 332 F.3d 874, 880 (5th Cir. 2003). Although there is no exhaustive list of circumstances that justify equitable tolling, the doctrine typically applies in three situations: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment; or (3) the EEOC's misleading the

---

[4] Upon receiving that notice from the EEOC or LCHR, the employee has just 90 days to assert discrimination claims in a civil lawsuit. 42 U.S.C. § 2000e-5(f)(1); see also Taylor, 296 F.3d at 379. In the absence of a concrete allegation to the contrary, we presume that a claimant receives an EEOC right to sue letter within three days after it is mailed. See Jenkins v. City of San Antonio, 2015 WL 1802133, *3 (5th Cir. 2015).

plaintiff about the nature of her rights. Hood v. Sears Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999). Boyd has not alleged equitable tolling applies in her case, nor has she raised any facts to establish equitable tolling. A review of the record reveals none of the circumstances in which equitable tolling would apply. Thus, the Court finds the limitations period in this case is not subject to equitable tolling.

Boyd's Complaint fails to allege she filed a charge of discrimination against Wal-Mart. (Doc. 1). Boyd also offers no explanation regarding the timing of her charge of discrimination in response to Wal-Mart's motions. (Doc. 39). Wal-Mart presented Boyd's charge and right to sue letter in support of its motions to dismiss. [5] (Doc. 38). Boyd's EEOC charge was signed on November 23, 2016. (Doc. 38). It appears it was filed on November 28, 2016 (Doc. 38), which is 395 days after October 30, 2015 – the alleged last date of discrimination. (Doc. 1). Boyd's EEOC charge for her ADA and Title VII claims for disability and retaliation was due on or before April 27, 2016, under the 180-day requirement or, alternatively, on or before August 25, 2016, under the 300-day requirement applicable when the plaintiff has instituted proceedings with a state or local agency. See 42 U.S.C. § 2000e-5. Here,

---

[5] When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Id.; Norris v. Hearst Trust, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (citation omitted). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000). Boyd has not pleaded that she first exhausted administrative remedies and received a right ot sue letter prior to initiating this action. Since Boyd's charge of discrimination and right to sue letter are central to her employment discrimination claims against Walmart, the Court will consider those under the documents. The Court will, thus, treat Walmart's motion as one for summary judgment in accordance with Fed. R. Civ. P. 12(b).

Boyd filed her EEOC charge outside of the limitations period. Thus, Boyd's ADA and Title VII claims are time-barred. See 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp., 536 U.S. at 110; Windhauser, 360 Fed. App'x. at 566.[6]

2. **Boyd's race discrimination claim should be dismissed for failure to exhaust her administrative remedy, and for failure to state a claim for relief.**

As discussed, for ADA and Title VII claims, Boyd must exhaust her administrative remedies by filing an EEOC charge. See 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a). A claim may then be brought in a lawsuit if it is contained in the EEOC complaint, construed broadly, or would be part of "the administrative EEOC investigation that can reasonably be expected to grow out of the charge of discrimination," which is "a fact-intensive analysis" of the substance of the complaint. McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008).

Boyd did not file a race discrimination charge with the EEOC before filing suit. In her Complaint, Boyd stated a race claim for the first time. (Doc. 1). Nothing in Boyd's EEOC charge, or the particulars of the charge, implicate a charge of race discrimination. (Doc. 39).

---

[6] Based upon a liberal construction of Boyd's allegations for retaliation and disability discrimination under the ADA and Title VII, Boyd fails to state a plausible claim for relief. Specifically, Boyd's retaliation claim fails to allege an essential element of an ADA (or Title VII) claim – that she was engaged in a protected activity, or opposed any unlawful act or practice. 42 U.S.C. § 12203(a); see Tabatchnik v. Continental Airlines, 262 Fed. App'x. 674, 676 (5th Cir. 2008) (citing Seaman v. CSPH, 179 F.3d 297, 301 (5th Cir. 1999)); see also Grubic v. City of Waco, 262 Fed. App'x. 665, 667 n.6 (5th Cir. 2008). As for Boyd's allegation of discrimination for disability under the ADA, Boyd alleges she had a lifting restriction that Wal-Mart failed to accommodate. However, she has not alleged she was qualified for the job or that the adverse employment action was based on this restriction. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007). Regardless, any amendment would be futile, as Boyd's ADA and Title VII claims are time-barred. See Jones, 339 F.3d at 366; accord Jaso, 435 Fed. App'x. at 351-52. As discussed, Boyd has not established equitable tolling is applicable, and dismissal is appropriate for failure to state a plausible claim for relief. Id.

10

In her EEOC charge, Boyd checked the boxes for discrimination based on "retaliation" and "disability." (Doc. 38). She further described failure to accommodate restrictions by her doctor, and wrongful termination. (Doc. 38). Additionally, Boyd's Complaint does not establish any elements or facts regarding race other than that she had a meeting with the district manager identified as "Aziz," a "black male – young." (Doc. 1). Applying a liberal construction to Boyd's allegations, Boyd does not state a claim for relief against Wal-Mart for race discrimination. Wal-Mart asserts, and the Court agrees, that Boyd's claim is vague and rests primarily on conclusory allegations. Accordingly, because Boyd has failed to assert a prima facie case, her race discrimination claim must be dismissed.[7]

Additionally, Boyd had 300 days from an alleged act of race discrimination to timely file a charge with the EEOC. See 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp., 536 U.S. at 110; Windhauser, 360 Fed. App'x. at 566. Boyd alleges she was terminated on October 29, 2015, and alleges she resigned on October 30, 2015. (Doc. 1). Boyd's EEOC charge regarding race discrimination was due on or before April 27, 2016, under the 180-day requirement or, alternatively, on or before August 25, 2016, under the 300-day requirement applicable when the plaintiff has instituted proceedings with a state or local agency. See 42 U.S.C. § 2000e-5. The record does not reflect a separate EEOC charge was filed for race discrimination within the limitations period. Boyd does not allege any EEOC charge was filed for

---

[7] To the extent Boyd's claims for race discrimination are brought under § 1983, the Court also finds Boyd fails to state a plausible claim for relief, as discussed herein.

11

race discrimination. Boyd failed to exhaust administrative remedies for her race discrimination claim.

### 3. Boyd's § 1983 claim should be dismissed for failure to state a plausible claim for relief, and as untimely.

The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Lugar v. Edmondson Oil Co., Inc., 475 U.S. 922, 937 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983. Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Traditionally, "acting under color of state law requires that a defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (citing United States v. Classic, 313 U.S. 299, 326 (1941). Here, Wal-Mart is not a state actor. Thus, Boyd's § 1983 claims should be dismissed for failure to state a plausible claim for relief.

Even assuming Boyd could state a plausible claim for relief against Wal-Mart, such claims would be barred as untimely. The Supreme Court has held that the statute of limitation for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. Wilson v. Garcia, 471

12

U.S. 261, 279-80 (1984); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). Therefore, the Court applies Louisiana Civil Code article 3492, which carries a limitations period of one year. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. Jacobsen, 133 F.3d at 319.

Under federal law, a § 1983 action accrues when a plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987); see also Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980). Here, Boyd alleges "wrongful termination, failure to accommodate, civil rights – harassment, stalking, taunting, and provoking" related to her alleged termination on October 29, 2015, as a result of an alleged 2010 injury. (Doc. 1). Also, Boyd claims she resigned on October 30, 2015. (Doc. 1). At the latest, Boyd's § 1983 claim, assuming she could plausibly assert one, would have accrued on October 30, 2015. Boyd failed to file within the one year prescriptive period. Thus, Boyd's § 1983 claims should be dismissed.

### 4. Boyd's state discrimination and tort claims are untimely.

Employment discrimination claims made under Louisiana law are subject to a prescriptive period of one year. La. Rev. Stat. § 23:303(D); Johnson v. Hosp. Corp. of Am., 767 F.Supp.2d 678, 707 (W.D. La. 2011). However, this one-year period shall be suspended, no longer than six months, during the pendency of any administrative review or investigation of the claim conducted by the EEOC or the LCHR. Id.

13

Delictual actions are subject to liberative prescription of one year, which runs from the day of injury or damage sustained. La. Civ. Code Art. 3492.

Here, Boyd alleges her wrongful termination on October 29, 2015 gave rise to her claims against Wal-Mart. (Doc. 1). Boyd also alleges she was told on October 30, 2015, that there were no available jobs for her, at which time she allegedly resigned. (Doc. 1). The Court finds that Boyd's state employment discrimination claims and tort claims accrued – at the latest – on October 30, 2015. The one-year limitations period began running on that date.[8] Boyd's EEOC charge was filed on November 23, 2016. (Doc. 38). Thus, Boyd's claims prescribed before she filed the EEOC charge. To the extent that Boyd asserts any state law employment discrimination or tort claims, those claims should be dismissed as time-barred.

## III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Wal-Mart's Rule 12(b)(1) Motion to Dismiss (Doc. 30) be DENIED.

IT IS FURTHER RECOMMENDED that Wal-Mart's Rule 12(b)(6) Motion to Dismiss (Doc. 30) be GRANTED. Boyd's complaint should be DISMISSED WITH PREJUDICE, as Boyd's claims under § 1983, the ADA, Title VII, and state law are

---

[8] Boyd alleges claims of stalking and harassment beginning January 9, 2017 to present. (Doc. 1). Boyd has not alleged anything other than conclusory allegations related to stalking and harassment. (Doc. 1). Additionally, no allegation has been made connecting any claim for harassment or stalking to Boyd's claims for employment discrimination from 2015. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Iqbal, 556 U.S. at 679. Although allegations by pro se litigants are treated more liberally, "mere conclusory allegations" are still insufficient. U.S. v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996); Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004). The Court finds Boyd's claims for stalking and harassment should be dismissed for failure to state a claim for relief.

time-barred. Also, Boyd's claims under § 1983, the ADA, and Title VII fail to state a plausible claim for relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of March, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge